**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | CASE NO. 15-20647 |
| | ) | |
| TRACY A. BURNIDGE, individually, | ) | CHAPTER 7 |
| | ) | |
| DEBTOR. | ) | THE HONORABLE DONALD R. CASSLING |
| _____ | ) | (KANE COUNTY) |
| | ) | |
| ERIC JARECZEK, | ) | |
| | ) | |
| PLAINTIFF, | ) | ADV. PROC. NO. _____ |
| v. | ) | |
| | ) | Filed Electronically |
| TRACY A. BURNIDGE, individually, | ) | |
| | ) | |
| DEFENDANT. | ) | |

### ERIC JARECZEK'S COMPLAINT OBJECTING TO DISCHARGE AND THE DISCHARGEABILITY HIS CLAIMS PURSUANT TO SECTIONS 727 AND 523 OF THE UNITED STATES BANKRUPTCY CODE

NOW COMES Plaintiff, ERIC JARECZEK, individually ("Plaintiff" OR "JARECZEK"), by and through his attorneys, Anthony Calandriello, Matthew T. Gensburg, and Sandra D. Mertens of DALE & GENSBURG, P.C., and for his Complaint for the Non-Discharge and Exception to Discharge of Debt Pursuant to Sections 727 and 523 of the United States Bankruptcy Code against debtor TRACY A. BURNIDGE (the "Defendant" or "BURNIDGE"), states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§157 and 1334. Consideration of this Complaint is a core proceeding under 28 U.S.C. §157(b)(2)(I).

2. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3. In accordance with the allegations stated herein, this Court has personal jurisdiction over the Defendant, who has maintained continuous and systematic contacts with the United States, specifically in conducting business and residing in the State of Illinois. This Court's personal jurisdiction over the Defendant is consistent with the Constitution and laws of the United States and comports with fair play and substantial justice.

## PARTIES

4. Plaintiff is an individual and resident of the State of Illinois, who resides in Carpentersville, Illinois.

5. Defendant is an individual and resident of the State of Illinois, who resides in Elgin, Illinois.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff was hired on April 1, 2010 as an independent contractor for Situs Commercial Realty, Inc. d/b/a Situs Business Brokers, an Illinois corporation (hereinafter referred to as "Situs"). Situs was owned by Defendant and Terry Donati ("Donati"). A copy of Plaintiff's Independent Contractor Agreement (the "ICA") is attached hereto as **Exhibit A**.

7. Pursuant to the terms of the ICA, Plaintiff was primarily responsible for Situs' online business brokerage business. Pursuant to the ICA, Plaintiff was to be paid set commissions for procuring a seller and/or buyer for the purchase and/or sale of a business.

8. Shortly after being retained by Situs, Situs failed to pay commissions due and owing to Plaintiff totaling $26,377.

9. After Plaintiff made repeated demands for payment of commissions due and owing, on November 10, 2010, Situs executed an Installment Note for the benefit of Plaintiff

wherein Situs promised to pay to Plaintiff the $26,377 in commissions due and owing (the "Note"). A copy of the Note is attached hereto as **Exhibit B**.

10. As an inducement to Plaintiff accepting Note, Defendant and Donati also contemporaneously executed a Supplemental Agreement to the Note wherein Defendant and Donati individually promised (i) to reinstate Situs as a corporation in good standing with the State of Illinois and (ii) to take any and all actions to ensure that Situs paid all future commissions that may be earned by Plaintiff. Without the Supplemental Agreement, Plaintiff would not have accepted the Note.

11. In accordance with the Note, Situs promised to make seven (7) monthly installment payments to Plaintiff beginning on January 1, 2011.

12. Situs breached the terms of the Note by failing to full pay the very first installment due under the Note. In addition, Defendant and Donati breached the terms of the Supplemental Agreement by failing to reinstate Situs as a corporation in good standing with the State of Illinois.

13. Subsequent to Situs', Defendant's, and Donati's breaches of the Note and Supplemental Agreement, Plaintiff resigned from Situs in early April 2011.

14. On April 8, 2011, Plaintiff filed a one (1) count complaint in Kane County against Situs, Defendant, and Donati (Case No. 11 LM 571) seeking to enforce the provisions of the Note and the Supplemental Agreement (the "State Court Proceeding"). A copy of the Complaint is attached hereto as **Exhibit C**.

15. On or about May 18, 2011, Plaintiff filed an amended complaint in the State Court Proceeding seeking additional commissions due and owing of $27,000 stemming from the

sale of a business known as Brainy Boulevard Day Care Center (the "Day Care Center Deal") that Plaintiff procured. A copy of the filed Amended Complaint is attached hereto as **Exhibit D**.

16. Simultaneous with the filing of the Amended Complaint, Plaintiff also filed in the State Court Proceeding a request for the issuance of a Temporary Restraining Order seeking to enjoin Situs, Defendant, and Donati from transferring or withdrawing money in any escrow account covering the additional commissions due and owing from the Day Care Center Deal as set forth in the Amended Complaint. A copy of Plaintiff's filed Affidavit in Support of the request for Issuance of a Temporary Restraining Order is attached hereto as **Exhibit E**.

17. On May 19, 2011, the Court in the State Court Proceeding issued a Temporary Restraining Order (the "TRO"). A copy of the entered TRO is attached hereto as **Exhibit F**. In granting the TRO, the Court reasoned that the issuance of the TRO was "to prevent [Defendants] from further dissipation of assets and to prevent the dissipation of the funds properly by law belonging to [Plaintiff]".

18. Pursuant to the terms of the TRO, Situs, Defendant, and Donati were all enjoined from "withdrawing, transferring, or otherwise disposing of money in any escrow account for [Situs] and [Donati] and [Defendant] pertaining to the Brainy Boulevard Day Care Center deal." Also pursuant to the terms of the TRO, the Court ordered Situs, Defendant, and Donati to deposit the sum of $27,000 within five (5) business days (of the date of the TRO) with the Clerk of the Circuit Court of Kane County.

19. Despite the issuance of the TRO, Defendant failed to make the required deposit as mandated by the Court. On June 23, 2011, Plaintiff filed a Verified Petition for Rule to Show Cause in the State Court Proceeding requesting that Defendant, Situs, and Donati show cause as

to why they should not be held in indirect civil contempt for failing to abide by the Court's TRO (the "Rule to Show Cause"). A copy of the Plaintiff's filed Rule to Show Cause is attached hereto as **Exhibit G**. Also on or about June 23, 2011, the Court entered an Agreed Preliminary Injunction Order prohibiting Situs, Defendant, and Donati from withdrawing, spending, disposing of, destroying, removing, encumbering, transferring, damaging, pledging, hypothecating, or otherwise dealing with any and all of the $27,000 earnest money from the Day Care Center Deal.

20. On July 6, 2011, Plaintiff filed a Second Amended Complaint adding an additional count for the recovery commissions due and owing stemming from yet another sale of a business known as Nick's Cozy Corner that Plaintiff procured. A copy of the filed Second Amended Complaint is attached hereto as **Exhibit H**.

21. On July 14, 2011, after Defendant and Donati re-assured Plaintiff that all commissions due and owing (stemming from amounts due under the Note, Complaint, First Amended Complaint, and Second Amended Complaint) would be paid to him, Plaintiff entered into a Settlement Agreement and Release (the "Settlement Agreement") with Defendant, Situs, and Donati regarding the State Court Proceeding. A copy of the executed Settlement Agreement is attached hereto as **Exhibit I**. Another significant factor that greatly contributed to Plaintiff's acceptance of the Settlement Agreement was that simultaneous with the execution of the Settlement Agreement, the Defendant and Donati agreed to the entry of an Agreed Judgment Order for $66,224.26 and the entry of an Order (i) issuing and entering generally the Rule to Show Cause and (ii) dismissing the State Court Proceeding without prejudice with the Court retaining jurisdiction to enforce the Settlement Agreement. A copy of the entered Agreed

Judgment Order and Court Order dated July 14, 2011 is attached as **Exhibits J** and **K**, respectively.

22. Pursuant to paragraph 2 of the Settlement Agreement, Defendant, Situs, and Donati agreed jointly and severally to pay the sum of $66,224.26 in the manner and method provided therein. Pursuant to paragraph 5 of the Settlement Agreement, Defendant, Situs, and Donati agreed that "[i]n the event defendants fail to complete this [Settlement Agreement] in whole or in any part, then defendants shall be responsible for the costs and attorney fees incurred by [Plaintiff] in enforcing this [Settlement Agreement] and the underlying judgments, including the prosecution of the issued Rule to Show Cause."

23. In light of Defendant's, Situs', and Donati's course of fraudulent conduct, and in order to further induce Plaintiff to accept the Settlement Agreement, pursuant to paragraph 6 of the Settlement Agreement, Defendant, Situs, and Donati "acknowledged and agreed that the Settlement Agreement and the amounts due Plaintiff under the Agreed Judgment Order shall survive any bankruptcy filing on their behalf whether consumer or commercial in nature."

24. Subsequent to the execution of the Settlement Agreement, Defendant, Situs, and Donati <u>failed to pay the entire first installment due</u> to Plaintiff as called for under the Settlement Agreement.

25. On December 7, 2011, Plaintiff filed a Renewed Petition for Rule to Show Cause and Motion to Open Case and Enforce Settlement Agreement and Agreed Judgment Order in the State Court Proceeding (the "Renewed Petition"). A copy of the Renewed Petition is attached hereto as **Exhibit L**.

26. On January 11, 2012, the Court granted Plaintiff's Renewed Petition. A copy of the Court's entered January 11, 2012 order is attached hereto as **Exhibit M**.

27. For approximately fifteen (15) months following the Court's granting of Plaintiff's Renewed Petition, Plaintiff attempted to collect on the judgment against Defendant. On information and belief, Defendant has concealed and/or diverted assets in an effort to avoid paying on Plaintiff's judgment.

28. During 2012, while Plaintiff was attempting to collect on the judgment against Defendant and Donati, Plaintiff learned that Donati received a personal injury settlement in excess of $100,000. In an effort to conceal the settlement from Plaintiff's collection activities, on information and belief, Defendant caused Donati's settlement check to be negotiated through an account of one of the Defendant's businesses.

29. Plaintiff recently learned that Defendant has an ownership interest in Turnkey Business Brokers, Inc. ("Turnkey"), which provides similar services to Situs, which has been closed. Moreover, according to annual reports filed with the Illinois Secretary of State, Defendant is listed as the Registered Agent, Secretary, Vice-President, and Director of Turnkey. In addition, Defendant is the only broker identified on Turnkey's website.

30. On December 3, 2013, Situs filed for Chapter 7 bankruptcy, which was terminated on June 9, 2014.

31. On October 30, 2013, Donati filed for Chapter 7 bankruptcy, but pursuant to 11 U.S.C. Sections 727(3), 727(4), 727(5), Donati was denied a discharge on September 23, 2014.

32. On June 15, 2015, Defendant filed for Chapter 7 bankruptcy, and Plaintiff was granted leave to file a complaint objecting to Debtor's discharge by December 10, 2015.

## COUNT I – CLAIM FOR THE NON-DISCHARGE OF DEBT UNDER 11 U.S.C. §727(a)(4)(A)

33. Plaintiff restates and realleges paragraphs 1 through 32 as paragraph 33 of this Count I.

34. 11 U.S.C. §727(a)(4)(A) provides that the court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

35. In Schedule B of his Bankruptcy Petition, Defendant claimed no interests in incorporated and unincorporated businesses and no interests in partnerships or joint ventures.

36. In Schedule I of the Bankruptcy Petition, Defendant claimed that he was solely employed by American National Realty, Inc. earning a gross monthly salary of $1,340.

37. In Sections 1 and 2 of the Statement of Financial Affairs portion of the Bankruptcy Petition, Defendant stated that he received no gross income during 2013 and 2014.

38. In Section 18 of the Statement of Financial Affairs portion of the Bankruptcy Petition, Defendant only identifies Situs Business Brokers, Inc. and no other entities are disclosed.

39. Defendant is the Registered Agent, Secretary, Vice-President, and Director of Turnkey. A copy of Turnkey's filed 2014 and 2015 Illinois Domestic Corporation Annual Reports are attached hereto as **Exhibit N**. Moreover, Defendant is a business broker for Turnkey with several listings for the sale of businesses pending and recently closed.

40. Defendant failed to list or otherwise identify Turnkey anywhere in his Bankruptcy Petition until Defendant filed an Amended Statement of Financial Affairs on August 17, 2015 (the "Amended Statement"). Defendant's filed Amended Statement does not disclose that Debtor is a Vice President or a Director of Turnkey. Moreover, the Amended Statement erroneously claims that Turnkey has no assets even though it has pending listings for the sale of businesses and recently closed on other listings.

41. Defendant's Amended Statement discloses that he had gross income totaling $33,245.00 in 2014 and $34,139.00 in 2013.

42. In addition to including Turnkey in the Amended Statement, Defendant identified his ownership interest in other entities that were previously not disclosed in his Bankruptcy Petition including Gleneagle Center, LLC, Sandholm Creek, LLC, Richard Street Development, LLC, Wasco Depot, LLC, Outbound Investors Corp., Double Twist, LLC, Silvestri Center, LLC, Tab Real Estate Company, and Tab Construction.

43. Defendant has knowingly misrepresented or concealed (i) his current and past gross income, (ii) his ownership interest and/or affiliation with Turnkey, (iii) his past ownership interest and/or affiliation with Gleneagle Center, LLC, (iv) his past ownership interest and/or affiliation with Sandholm Creek, LLC, (v) his past ownership interest and/or affiliation with Richard Street Development, LLC, (vi) his past ownership interest and/or affiliation with Wasco Depot, LLC, (vii) his past ownership interest and/or affiliation with Outbound Investors Corp., (viii) his past ownership interest and/or affiliation with Double Twist, LLC, (ix) his past ownership interest and/or affiliation with Silvestri Center, LLC, (x) his past ownership interest and/or affiliation with Tab Real Estate Company, and (xi) his past ownership interest and/or

affiliation with Tab Construction. Defendant also knowingly and concealed the existence of Turnkey and several other entities to which Defendant had an ownership interest in. Furthermore, through his Amended Statement, Defendant continues to misrepresent his degree of ownership interest and/or affiliation with Turnkey. Pursuant to the foregoing, Defendant should be denied a discharge under 11 U.S.C. §727(a)(4)(A).

WHEREFORE, Plaintiff, ERIC JARECZEK, respectfully requests that this Court enter judgment in its favor and against Defendant, TRACY A. BURNIDGE, to deny the Defendant a discharge, for damages in excess of $66,224.26 and for such other and further relief as this Court in its discretion deems just and appropriate.

### COUNT II – CLAIM FOR EXCEPTION TO DISCHARGE OF DEBT UNDER 11 U.S.C. §523(a)(2)(A) RELATING TO THE NOTE AND SUPPLEMENTAL AGREEMENT

44. Plaintiff restates and realleges paragraphs 1 through 43 as paragraph 44 of this Count II.

45. 11 U.S.C. §523(a)(2)(A) provides that a discharge under section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

46. Prior to Plaintiff's acceptance of the Note to cover the $26,377 of commissions due and owing from Situs, Defendant made several promises to Plaintiff that the commissions would indeed be paid but that Defendant, Situs, and Donati needed time to pay Plaintiff.

47. As further inducement for Plaintiff to accept the Note, Defendant and Donati agreed to contemporaneously execute the Supplemental Agreement which evidenced their

promise to reinstate Situs as a corporation in good standing and make best efforts to ensure that future commissions due and owing to Plaintiff would be promptly paid.

48. The Note and Supplemental Agreement were immediately breached in that Situs failed to make the entire first payment and Defendant and Donati failed to reinstate Situs as a corporation in good standing. Moreover, Defendant also breached his covenant to ensure that future commissions would be promptly paid to Plaintiff. At the time Defendant entered into the Supplemental Agreement, he never intended to perform under the agreement, but rather made the promises to induce Plaintiff to accept the Note. The breaches evidence that Defendant intended to deceive Plaintiff.

49. Defendant's course of conduct evidences that he knowingly made false oral and written representations and material statements to the Plaintiff upon which Plaintiff justifiably relied, as evidenced by Plaintiff's entrance into the Note.

50. Plaintiff's entrance into the Note was predicated by fraud committed by Defendant.

51. Moreover, the underlying debt referenced in the Note was premised by fraud in that Defendant never intended to pay the commissions due and owing to Plaintiff. Instead, in order to deceive Plaintiff, Defendant made multiple false material representations about the payment of the commissions due and owing to Plaintiff in order to induce Plaintiff to continue to work at Situs which false statements Plaintiff justifiably relied on.

52. As a direct and proximate result of Defendant's conduct, Plaintiff sustained financial loss and harm.

53. Pursuant to the foregoing, Defendant's debt to the Plaintiff should be excepted from discharge under 11 U.S.C. §523(a)(2)(A).

WHEREFORE, Plaintiff, ERIC JARECZEK, respectfully requests that this Court enter judgment in its favor and against Defendant, TRACY A. BURNIDGE, to except from discharge the debt owed to the Plaintiff, for damages in excess of $66,224.26 and for such other and further relief (including but not limited to reasonable attorneys' fees, costs, and expenses) as this Court in its discretion deems just and appropriate.

### COUNT III – CLAIM FOR EXCEPTION TO DISCHARGE OF DEBT UNDER 11 U.S.C. §523(a)(2)(A) RELATING TO THE SETTLEMENT AGREEMENT

54. Plaintiff restates and realleges paragraphs 1 through 53 as paragraph 54 of this Count III.

55. 11 U.S.C. §523(a)(2)(A) provides that a discharge under section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

56. Prior to Plaintiff's acceptance of the Settlement Agreement to cover the $66,224.26 of commissions due and owing from Situs, Defendant, and Donati, Defendant once again made multiple promises to Plaintiff that the commissions would indeed be paid but that Defendant, Situs, and Donati once again needed time to pay Plaintiff.

57. In order to further induce Plaintiff to accept the Settlement Agreement, Defendant agreed (i) to be jointly and severally liable for the payment of $66,224.26 in commissions due and owing to Plaintiff; (ii) to the entry of an Agreed Judgment Order for $66,224.26; (iii) to the

entry of an Order issuing and entering generally the Rule to Show Cause and dismissing the State Court Proceeding without prejudice with the Court retaining jurisdiction to enforce the Settlement Agreement; and (iv) to be liable, in the event of a default of the Settlement Agreement, for the costs and attorney fees incurred by Plaintiff in enforcing the Settlement Agreement and the Agreed Judgment Order, including the prosecution of the issued Rule to Show Cause.

58. Since the underlying debt covered by the Note and the Note and Supplemental Agreement were predicated by fraud, and in light of Defendant's fraudulent course of conduct in connection with the State Court Proceeding, Defendant agreed that the Settlement Agreement and the amounts due Plaintiff under the Agreed Judgment Order shall survive any bankruptcy filing of the Defendant.

59. Consistent with Defendant's and Donati's past course of reckless and fraudulent conduct against Plaintiff, after the Settlement Agreement was entered into by the parties, Defendant and Donati failed to make the entire first payment due under the Settlement Agreement thereby causing a breach and evidencing Defendant's intent to deceive Plaintiff. At the time Defendant entered into the Settlement Agreement, he never intended to perform under the agreement, but rather made the multiple promises to induce Plaintiff to accept the Settlement Agreement.

60. Defendant's conduct, as described above, evidences that he knowingly made false oral and written representations and material statements to the Plaintiff upon which Plaintiff justifiably relied, as evidenced by Plaintiff's entrance into the Settlement Agreement.

61. Plaintiff's entrance into the Settlement Agreement was predicated by fraud committed by Defendant.

62. As a direct and proximate result of Defendant's conduct, Plaintiff sustained financial loss and harm.

63. Pursuant to the foregoing, Defendant's debt to the Plaintiff should be excepted from discharge under 11 U.S.C. §523(a)(2)(A).

WHEREFORE, Plaintiff, ERIC JARECZEK, respectfully requests that this Court enter judgment in its favor and against Defendant, TRACY A. BURNIDGE, to except from discharge the debt owed to the Plaintiff, for damages in excess of $66,224.26 (including but not limited to reasonable attorneys' fees, costs, and expenses) and for such other and further relief as this Court in its discretion deems just and appropriate.

## COUNT IV – CLAIM FOR EXCEPTION TO DISCHARGE OF DEBT UNDER 11 U.S.C. §523(a)(6)

64. Plaintiff restates and realleges paragraphs 1 through 63 as paragraph 64 of this Count IV.

65. 11 U.S.C. §523(a)(6) provides that a discharge under section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

66. By virtue of the conduct alleged herein, Defendant knowingly and intentionally injured Plaintiff through material false statements and express misrepresentations in order to induce Plaintiff to accept the Note and the subsequent Settlement Agreement.

67. Through Defendant's and Donati's fraudulent scheme of conduct as alleged herein, Defendant maliciously intended to injure Plaintiff by never intending to perform under

- 14 -

the Note, perform under the Settlement Agreement, or pay commissions due and owing to Plaintiff.

68. To his detriment, Plaintiff justifiably relied on Defendant's material false statements and express representations.

69. Defendant's malicious and willful conduct proximately caused damages and financial losses suffered by Plaintiff

70. Pursuant to the foregoing, Defendant's debt to the Plaintiff should be excepted from discharge under 11 U.S.C. §523(a)(6).

WHEREFORE, Plaintiff, ERIC JARECZEK, respectfully requests that this Court enter judgment in its favor and against Defendant, TRACY A. BURNIDGE, to except from discharge the debt owed to the Plaintiff, for damages in excess of $66,224.26 (including but not limited to reasonable attorneys' fees, costs, and expenses) and for such other and further relief as this Court in its discretion deems just and appropriate.

| | |
|---|---|
| Anthony Calandriello, Esq.<br>ARDC No. 6239081<br>Matthew T. Gensburg, Esq.<br>ARDC No. 6187247<br>Sandra D. Mertens, Esq.<br>ARDC No. 6297188<br>Attorneys for Plaintiff<br>Dale & Gensburg, P.C.<br>200 West Adams Street, Suite 2425<br>Chicago, Illinois 60606<br>T - (312) 263-2200<br>F - (312) 263-2242<br>tcalandriello@dandgpc.com<br>mgensburg@dandgpc.com<br>smertens@dandgpc.com | Respectfully submitted,<br><br>PLAINTIFF, ERIC JARECZEK<br><br><br><br>By: /s/ Anthony Calandriello<br>      One of his Attorneys |